UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————

CLINTON FRAZIER,

                               Plaintiff,                     <u>COMPLAINT</u>

          -against-

                                                      cv

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF EDUCATION, CARMEN           JURY TRIAL DEMANDED
FARINA, Chancellor of the New York City
Department of Education, and DANIEL HOEHN,
Principal Of J. M. Rapport School For Career
Development,

                             Defendants.

———————————————————

Plaintiff **CLINTON FRAZIER**, by and through his attorneys GLASS KRAKOWER LLP, as and for his Complaint, alleges as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff teacher Clinton Frazier brings this action for violations of the American with Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. § 12101, *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin Code §§8-107.

2.    Defendants denied Plaintiff reasonable accommodations for his disability—monocular vision. Furthermore, Defendants retaliated against Plaintiff after he made his accommodation requests by issuing him an "Unsatisfactory" Annual Professional Performance Review (hereinafter "U-rating"). This U-rating has prevented Plaintiff from earning per session compensation.

3.      This action seeks declaratory and equitable relief, compensatory damages, and attorney fees.

## JURISDICTION AND VENUE

4.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the American with Disabilities Act of 1990, a federal statute.

5.      As to claims under New York State and City law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because Defendant is subject to personal jurisdiction in this District and maintains a headquarters in Manhattan, New York.

## THE PARTIES

7.      Plaintiff Clinton Frazier is a resident of the State of New Jersey.

8.      At all times relevant herein, Plaintiff was an "eligible employee" as defined by 42 U.S.C. § 12111.

9.      At all times relevant herein, Defendant NEW YORK CITY DEPARTMENT OF EDUCATION ("NYCDOE") is a city school district established pursuant to Title II, Article-52-A of the New York State Education Law, NY Educ. Law Section 2590 *et seq*, and an "employer" as defined by 42 U.S.C. § 12111.

10.     At all times relevant herein, Defendant DANIEL HOEHN was Principal of J. M. Rapport School for Career Development within the NYCDOE, and is sued in his official and individual capacity.

## FACTUAL ALLEGATIONS

11.     From 1999 to present, Plaintiff has worked as a special education teacher for the NYCDOE assigned to District 75.

12.     Plaintiff, a legally disabled individual himself working for the NYCDOE, as defined by Federal, NY State and City law, has a disability regarding a prosthetic left eye.

13.     As a result of his disability, Plaintiff has monocular vision, which makes it more difficult for him to read as fast as others. In particular, it affects his vision when he looks at computer screens for long periods of time, resulting in blurred words and headaches from straining.

14.     Since 2014, Plaintiff has been assigned to the Absent Teacher Reserve (hereinafter "ATR") in District 75.

15.     As an ATR teacher in District 75, Plaintiff is assigned to one school per year, as opposed to ATR teachers in other districts who are assigned to multiple schools per year.

16.     For the 2016-17 school year, Plaintiff was assigned to the J. M. Rapport School for Career Development (hereinafter "PS 754x").

17.     Plaintiff received positive evaluations and positive reviews from administration for his work and diligence at 754x.

18.     As part of his duties and responsibilities as an ATR teacher at PS 754x, Plaintiff was charged with creating and modifying individualized education plans (hereinafter "IEPs").

19.     Due to Plaintiff's disability, he required certain resources in order to properly write these IEPs.

20.     Specifically, Plaintiff required a printer and ink so that he could print out the IEPs in order to proofread them, as his disability makes it very difficult and stressful on his eye to read and proofread documents on a computer screen.

21.     Plaintiff, during the 2016-17 school year, was initially told to use a printer from home to print the IEPs.

22.     However, during the 2016-17 school year, Plaintiff's printer malfunctioned.

23.     Furthermore, other teachers at PS 754x were supplied with a printer.

24.     In April 2017, after Plaintiff finished completing an IEP for the administration that was not part of his initial assignment, he was asked to complete and proofread 7 different IEPs, each with 18 pages or more.

25.     Plaintiff informed his administration that, due to his disability, he needed a printer to print out the documents and more time to complete the IEPs and proofread the documents.

26.     Upon information and belief of Plaintiff, other teachers were allowed more time to do IEP related work.

27.     Rather than accommodate his disability, his administration simply told him to increase the font on his computer screen.

28.     In April 2017, Plaintiff subsequently obtained a note from his physician stating that he was monocular and he required more time to read and write. Furthermore, his physician indicated that Plaintiff required extended time and adequate lighting for reading and writing assignments.

29.     Plaintiff presented this note to his administration on April 21, 2016.

30.     In response, Plaintiff's Assistant Principal, Ms. Rivera, told him to write an email to the secretary and forward the information.

31.     After sending this email and submitting his request for accommodation, Plaintiff received an email from his principal, Daniel Hoehn, directing him to make a formal request for

accommodation to Human Resources. Plaintiff had never previously been told to make this formal request, even though he had been requesting accommodation for months.

32.　　That same day – May 16, 2017 – Plaintiff faxed in the appropriate forms to Human Resources, along with the note from his physician.

33.　　On or about May 31, 2017, after making his formal request for accommodation to his administration, Plaintiff met with Principal Hoehn.

34.　　During this meeting, Principal Hoehn questioned Plaintiff about his disability and displayed skepticism that Plaintiff needed an accommodation. His tone and demeanor were highly offensive and humiliating to Plaintiff. Incredulously, Principal Hoehn chastised Plaintiff for making errors in writing the IEPs, when he knew that Plaintiff had not been able to proofread these IEPs due to a lack of accommodation by his administration.

35.　　On June 8, 2017, Plaintiff met with a doctor from DOE medical per his request for accommodation.

36.　　On June 9, 2017, Plaintiff received two disciplinary letters to file from his principal.

37.　　Plaintiff ultimately finished his assigned IEPs, which were accepted by the administration.

38.　　However, on June 19, 2017, Respondents issued Plaintiff an "Unsatisfactory" Annual Professional Performance Review.

39.　　As a result of receiving the U-rating for the 2016-17 school year, Plaintiff was denied the opportunity to work  and earn per session compensation during the summer of 2017.

40.　　To date, Plaintiff has lost, *inter alia*, Chapter 683 per session summer work and potential promotional advancement opportunities.  In addition to substantial economic loss, Plaintiff also

has suffered, *inter alia*, emotional damages and psychological distress, as well as physical medical distress and expenses, and family stress.

## FIRST CLAIM FOR RELIEF

**(Against all Defendants for Violation of ADA -- Denial of Accommodation and Retaliation)**

41.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

42.    Based upon the foregoing, Defendants deliberately, intentionally and willfully violated the Americans with Disabilities Act of 1990 by denying Plaintiff reasonable accommodation and by issuing him a U-rating for the 2016-17 school year, in addition to other forms of discrimination under the ADA, 42 U.S.C. § 12111(2) and (5)(A).

43.    As a result, Plaintiff suffered damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

**(Against all Defendants for Violation of New York State Human Rights Law)**

44.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

45.    Based upon the foregoing, Defendants deliberately, intentionally and willfully violated the New York State Human Rights Law by denying Plaintiff reasonable accommodation and by issuing him a U-rating for the 2016-17 school year, in addition to other forms of discrimination under the NYSHRL.

46.    As a result, Plaintiff suffered damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

### (Against all Defendants for Violation of New York City Human Rights Law)

47.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

48.     Based upon the foregoing, Defendants deliberately, intentionally and willfully violated the New York City Human Rights Law by denying Plaintiff reasonable accommodation and by issuing him a U-rating for the 2016-17 school year, in addition to other forms of discrimination under the NYCHRL.

49.     As a result, Plaintiff suffered damages in an amount to be determined at trial.

## JURY DEMAND

Plaintiff demands a trial by a jury on all of the triable issues of this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

A.     A declaratory judgment that Defendants are in violation of the ADA;

B.     A declaratory judgment that Defendants are in violation of the New York State Human Rights Law;

C.     A declaratory judgment that Defendants are in violation of the New York City Human Rights Law;

D.     Enjoining Defendants from engaging in any similar violation;

E.     Awarding Plaintiffs compensatory damages pursuant to the ADA, the New York State Human Rights Law, and the New York City Human Rights Law;

F.     Awarding Plaintiffs punitive damages;

7

G.    Awarding Plaintiffs costs and reasonable attorneys' fees; and

H.    Such other and further relief as to this Court may deem necessary, just and proper.

Dated:      New York, New York
            September 15, 2017

                            **GLASS KRAKOWER LLP**
                            Attorneys for Plaintiff
                            100 Church Street, Suite 800
                            New York, NY 10007
                            (212) 537-6859

                            By: _____
                                Jordan F. Harlow, Esq.