

ZACHARY W. CARTER
*Corporation Counsel*

The City of New York
## Law Department
100 CHURCH STREET
NEW YORK, NY 10007

**SHIRLEY W. BI**
*Assistant Corporation Counsel*
Labor & Employment Law Division
Phone: (212) 356-2464
Email: sbi@law.nyc.gov

December 7, 2017

**BY ECF**

Honorable William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street,
New York, New York 10007-1312

          Re:    <u>Frazier v. City of New York, et al.</u>,
                   17 Civ. 7047 (WHP)(SN)
                   Our No. 2017-056025

Dear Judge Pauley:

        I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York ("City"), attorney for all defendants in the above-referenced action. Defendants respectfully request a pre-motion conference in advance of their anticipated motion to dismiss the complaint, dated September 15, 2017 ("Complaint"), for failure to state a claim, pursuant to Rule 12(b)(6).

**A.**    **Facts**

        Plaintiff is employed by the New York City Department of Education ("DOE")[1] as a Special Education teacher. See Complaint, ¶ 11. He alleges that he suffers from monocular vision. Id. ¶ 12. For the 2016-17 school year, plaintiff was assigned to the J.M. Rapport School for Career Development ("P.S. 754X"). Id. ¶ 16. While at P.S. 754X, plaintiff's duties included creating and modifying Individual Education Plans ("IEPs"). Id. ¶ 18. Plaintiff alleges that on May 16, 2017, he formally requested an accommodation with DOE due to his monocular vision. Plaintiff purportedly sought: (1) a printer and ink; and (2) additional time, to print out and better proofread his assigned IEPs. Id. ¶¶ 25, 32. Plaintiff admits that he met with Principal Daniel Hoehn as part of the accommodation process. Id. ¶¶ 33-34. The Complaint fails to allege that DOE ever denied plaintiff's request. Upon information and belief, DOE granted plaintiff's request for access to a printer on or about October 23, 2017 for the 2017-18 school year, for which plaintiff has been assigned to P.S. X012, in Bronx, New York. Plaintiff's request for

---

[1] DOE is, formally, the Board of Education of the City School District of the City of New York.

**HONORABLE WILLIAM H. PAULEY III**
United States District Judge
Frazier v. City of New York,
17 Civ. 7047 (WHP) (SN)
December 7, 2017
Page 2

additional time to complete his assignments was denied because it imposed an undue hardship given that IEPs must be completed on a specific schedule.

On June 9, 2017, plaintiff received two disciplinary letters to file. Id. ¶ 36. The first discussed his dereliction of duty. Plaintiff spent instructional time reading and responding to emails, and in addition, did not know his students' whereabouts. The second letter cited plaintiff's failure to properly finalize two special needs students' IEPs, one of which contained at least 25 grammatical errors in punctuation, spelling, gender identification, and subject-verb agreement. Plaintiff alleges that he received an "Unsatisfactory" Annual Professional Performance Review rating ("U rating") for the 2016-17 school year in retaliation for requesting an accommodation. Id. ¶ 38.

B.   **Plaintiff's Failure to Accommodate Claims Must Be Dismissed.**

Plaintiff fails to establish a prima facie claim for disability discrimination under the Americans with Disabilities Act ("ADA"). The Complaint does not allege that "the employer has refused to make such accommodations." McMillan v. City of New York, 711 F.3d 120, 125-26 (2d Cir. 2013). While plaintiff's burden is minimal at the motion to dismiss stage, the Complaint fails to allege that DOE refused his request for a printer. Complaint, ¶ 33. Rather, plaintiff admits that defendants engaged in an interactive process to understand and accommodate his disability. Noll v. IBM, 787 F.3d 89, 97-98 (2d Cir. 2015). Plaintiff met with Principal Hoehn to discuss the accommodation request made earlier that month. Id. ¶¶ 33-35. Further, on or about October 23, 2017, DOE granted plaintiff's request for a printer for the 2017-18 school year. Martinez v. Mount Sinai Hosp., 2015 U.S. Dist. LEXIS 170739, *10-11 (S.D.N.Y. Dec. 22, 2015). Thus, plaintiff failure to accommodate claim is moot and must be dismissed.

A claim of disability discrimination under the State Human Rights Law ("SHRL") is governed by the same legal standards as govern federal ADA claims. Noel v. BNY-Mellon Corp., 514 Fed. App'x 9, 10 (2d Cir. 2013). Plaintiff's SHRL claim likewise fails absent allegations that a refusal to accommodate occurred. Moreover, plaintiff's poor professional performance nonetheless supplies a legitimate, nondiscriminatory reason for his U rating and plaintiff has not alleged any facts that might be a pretext. Cooksey v. Hertz Corp., 2004 U.S. Dist. LEXIS 9135, *7 (E.D.N.Y. Jan. 26, 2004).

While the City Human Rights Law ("CHRL") is broadly construed in favor of an employee, the Complaint similarly fails to state a cause of action for disability discrimination. Plaintiff is "still required to plead evidence from which discrimination could be inferred to support a claim that they were treated less well at least in part because of [his] . . . disability." Moore v. City of New York, 2017 U.S. Dist. LEXIS 379, *64 (S.D.N.Y. Jan. 3, 2017) (citations and quotations omitted). Except for vague references to the "other teachers," the Complaint fails to provide a single discriminatory remark or identifiable comparator in support of an inference of discriminatory intent. Complaint, ¶¶ 23, 26. Thus, plaintiff's CHRL claim must be dismissed.

**HONORABLE WILLIAM H. PAULEY III**
United States District Judge
Frazier v. City of New York,
17 Civ. 7047 (WHP) (SN)
December 7, 2017
Page 3

C.  **Plaintiff's Retaliation Claims Fail as a Matter of Law.**

Plaintiff's retaliation claim under ADA, SHRL, and CHRL must be dismissed as a matter of law. First, the Complaint provides no allegations of protected activity other than the request for an accommodation, or that DOE became aware of such activities. Vale v. Great Neck Water Pollution Control Dist., 80 F. Supp. 3d 426, 438-39 (E.D.N.Y. 2015). Plaintiff was not terminated or demoted. Complaint, ¶ 11, 15. Further, neither the disciplinary letters nor the 2016-17 U rating constitute an adverse employment action. Sotomayor v. City of New York, 862 F. Supp. 2d 226, 255 (E.D.N.Y. 2012), aff'd, 713 F.3d 163 (2d Cir. 2013); Moscarello v. Malcolm Pirnie, Inc., 2008 U.S. Dist. LEXIS 109002, *13 (S.D.N.Y. Feb. 17, 2008). In any event, plaintiff's professional incompetence would negate the causal connection between the alleged protected activity and adverse action. Cooksey, 2004 U.S. Dist. LEXIS 9135, at *8. This analysis applies to both plaintiff's ADA and SHRL retaliation claims.

Under the CHRL standard for alleging retaliation, a plaintiff must still plausibly allege that he "took an action opposing h[is] employer's discrimination . . . and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 112 (2d Cir. 2013); N.Y.C. Admin. Code § 8-107(7). The Complaint likewise fails to indicate how or why plaintiff was deterred from opposing DOE's alleged discrimination. Harris v. NYU Langone Med. Ctr., 2013 U.S. Dist. LEXIS 99328, at *93 (S.D.N.Y. July 9, 2013).

Finally, a stay of discovery as permitted by Rule 26(c) is appropriate in this matter. Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). The motion to dismiss the Complaint is extremely strong and is likely to succeed. In the event that plaintiff amends the Complaint to supplement facts to remedy its fatal defects, he will suffer no harm from the delay.

Accordingly, defendants respectfully request a pre-motion conference to seek leave to move to dismiss the Complaint in its entirety, and to stay discovery pending the resolution of defendants' anticipated motion to dismiss the Complaint.

Respectfully submitted,

/S/

Shirley Bi
Assistant Corporation Counsel

cc:  **GLASS KRAKOWER LLP**
Att: Jordan F. Harlow (By ECF)