GLASS KRAKOWER LLP
ATTORNEYS AND COUNSELORS AT LAW
A Limited Liability Partnership
100 CHURCH STREET, 8^(TH) FLOOR
NEW YORK, NY 10007
212-537-6859
FAX NO. 845-510-2219

E-mail: jh@glasskrakower.com

*Jordan F. Harlow*
Senior Counsel

December 13, 2017

*Via ECF*
Honorable William H. Pauley III
United States District Judge
Southern District of New York
500 Peal Street
New York, NY 10007-1312

      Re:    Frazier v. City of New York, et al.
             17 Civ. 7047 (WHP)(SN)
             Response to Defendant's Request for Leave
             to Move to Dismiss The Complaint

Dear Judge Pauley III:

    I am Senior Counsel in the office of Glass Krakower LLP, attorney for the Plaintiff, Clinton Frazier, in the above-referenced action. I write in opposition to Defendants' letter, dated December 7, 2017, requesting leave to file a motion to dismiss in this matter ("Letter"). Defendants' application is entirely premature at this juncture as Plaintiff states more than plausible claims to proceed in this action. Plaintiff does not believe there is a good faith basis for Defendants' proposed motion to dismiss at this early stage based on a review of Defendants' letter.

    **A. FACTS**

    Plaintiff has worked as a special education teacher for the New York City Department of Education ("DOE") since 1999. *See* Complaint, dated September 15, 2017 ("Complaint"), ¶ 11. Beginning in 2014, however, Plaintiff has been assigned to the Absent Teacher Reserve ("ATR"). *Id.* ¶ 14. For the 2016-17 school year, Plaintiff was assigned to the J. M. Rapport School for Career Development. *Id.* ¶ 16. Plaintiff is a legally disabled individual; he has a prosthetic left eye. *Id.* ¶ 12. As a result of his disability, Plaintiff has monocular vision, which affects his ability to read. *Id.* ¶ 13. Due to his disability, Plaintiff requires a printer and ink so that he can print out documents, such as Individualized Education Plans ("IEPs"). *Id.* ¶¶ 18-20.

In April 2017, plaintiff informed his administration that he needed a printer and additional time in order to complete an assignment that required him to read and modify IEPs. *Id.* ¶¶ 18, 24-25. Plaintiff was not initially granted this accommodation request. *Id.* ¶ 27. On April 21, 2017, Plaintiff presented a note from his physician to his administration that stated that he required additional time to read and write. *Id.* ¶¶ 28-29. Plaintiff did not receive a response from his administration until May 16, 2017, on which day he was directed to make a formal request for accommodation to Human Resources. *Id.* ¶¶ 31-32. Plaintiff submitted the required paperwork and met with his principal, Daniel Hoehn, on May 31, 2017. *Id.* ¶¶ 32-33. During the May 31, 2017 meeting, Principal Hoehn questioned and belittled Plaintiff regarding his disability. *Id.* ¶ 34. Plaintiff was not granted the accommodation for his disability that he requested during the 2016-17 school year before the end of the school year. *See, generally,* Complaint. However, Principal Hoehn issued him two disciplinary letters to file and an "Unsatisfactory" Annual Professional Performance Review ("APPR") in June 2017 after Plaintiff's requests for accommodation and before Plaintiff was ever granted an accommodation. *Id.* ¶¶ 36, 38-39. The issuance of the "Unsatisfactory" APPR resulted in economic loss for Plaintiff, as he was denied the opportunity to pursue Chapter 683 per session summer work and potential promotional advancement opportunities. *Id.* ¶¶ 38-40.

**B. ARGUMENT**

As an initial matter, it is important to note that this Court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Gregory v. Daly*, 243 F3d 687, 691 (2d Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 [1957]). Additionally, the Second Circuit exercises care to avoid hastily dismissing complaints of civil rights violations. *Gregory*, 243 F3d at 691 (internal citations omitted). For these reasons and those that will be set forth, it is Plaintiff's position that Defendants' should not be given leave to file a motion to dismiss.

**1. Plaintiff has viable claims for failure to accommodate and disability discrimination**

Plaintiff first requested accommodation for his disability in April 2017. *See* Complaint ¶ 18. Plaintiff continued to make requests for accommodation through the remainder of the 2016-17 school year, but his accommodation requests were not granted by the end of the 2016-17 school year and Principal Hoehn specifically refused to grant the requests. Additionally, Defendants did not have a true interactive process with Plaintiff; rather, when Principal Hoehn met with Plaintiff purportedly as part of this process, he belittled and demeaned Plaintiff and his disability. *Id.* ¶ 34.

Plaintiff also suffered an adverse employment action because of his disability. *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006). Specifically, he received two letters to file and an "Unsatisfactory" APPR for alleged pedagogical deficiencies that directly related to his lack of accommodation. *See* Complaint ¶ 34.

### 2. Plaintiff has viable claims for retaliation under federal, state and local law

The Second Circuit has identified four elements for a prima facie case of retaliation: "(i) a plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that [the] plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against [the] plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action." *Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 148 (2d Cir. 2002) (internal quotation marks omitted). Defendants concede that Plaintiff was engaged in a protected activity by his requests for accommodation. *See* Letter at 3; Complaint ¶¶ 25-32. Plaintiff has clearly alleged that Defendants knew of his requests for accommodations. *Id.* ¶¶ 25-34. Plaintiff has also plead that he received two letters to file and an "Unsatisfactory" APPR for the 2016-17 school year after his requests for accommodation, and as a result he has lost Chapter 683 per session summer work and potential promotional advancement opportunities. *Id.* ¶¶ 36, 38-40. These actions qualify as adverse employment actions. *See, e.g., Browne v. City Univ. of New York*, 419 F.Supp.2d 315, 322 (E.D.N.Y. 2005), *aff'd sub nom.* (holding that a negative evaluation is considered an adverse employment action if it is accompanied by an adverse result such as "demotion, diminution of wages, or other tangible loss"); *Brown v. Queen's Coll. City Univ. of New York*, 202 F.App'x 423 (2d Cir. 2006). As to the fourth element, it is a material issue of fact as to whether a causal connection exists between the protected activity and the adverse action; discovery, including the exchange of documents and deposition of witnesses, is required to ascertain whether there was discriminatory intent and whether Plaintiff's purported "professional incompetence" is legitimate.

Plaintiff has met his burden under the New York State and New York City Human Rights Law ("SHRL" and "CHRL", respectively). Indeed, Plaintiff need not even plead that he suffered an adverse employment action under the CHRL, but rather must plead that something happened "that would be reasonably likely to deter a person from engaging in protected activity" *Jimenez v. City of New York*, 605 F. Supp. 2d 485, 528 (S.D.N.Y. 2009) (internal citations omitted). Certainly, a teacher who receives disciplinary letters and an unsatisfactory annual review after engaging in protected activity would be deterred from doing so in the future.

Finally, it is Plaintiff's position that any motion to dismiss would not be successful. As such, this case should proceed to discovery. Accordingly, Plaintiff respectfully requests that Defendants' request for leave to move to dismiss the Complaint be denied, and this matter proceed to discovery.

Respectfully submitted,

/s: *Jordan Harlow*
JORDAN HARLOW